1  Michael S. Kogan (SBN 128500)
   **KOGAN LAW FIRM, APC**
2  1849 Sawtelle Blvd., Suite 700
   Los Angeles, California 90025
3  Telephone (310) 954-1585
   mkogan@koganlawfirm.com
4
   Attorneys for David Gottlieb,
5  Chapter 7 Trustee

6

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9
                    **SAN FERNANDO VALLEY DIVISION**
10
   In re                          ) Case No. 1:15-bk-10695-MT
11                                 )
   MARC VICTOR LIZER,              ) Chapter 7
12                                 )
            Debtor.               ) **OPPOSITION TO MOTION FOR RELIEF**
13                                 ) **FROM THE AUTOMATIC STAY;**
                                   ) **MEMORANDUM OF POINTS AND**
14                                 ) **AUTHORITIES AND DECLARATION OF**
                                   ) **MICHAEL S. KOGAN IN SUPPORT**
15                                 ) **THEREOF**
                                   )
16                                 ) Date:      April 1, 2015
                                   ) Time:      9:30 a.m.
17                                 ) Place:     Courtroom 302
                                   )
18  _____

19

20

21

22

23

24

25

26

27

28

                    **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

# TABLE OF CONTENTS

Page

I. SUMMARY OF FACTS ...................................................................................5

II. EQUITY CLEARLY EXISTS IN THE PROPERTY ......................................7

    A.    Value Of Honey Badger Claim And Property's Equity...........................7

    B.    Value Of The Property ............................................................................7

        1.    The Peter Tiger Appraisal ..........................................................8

III. HONEY BADGER IS NOT ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362(d)(1) AS HONEY BADGER'S INTEREST IN THE PROPERTY IS ADEQUATELY PROTECTED AND NO OTHER CAUSE JUSTIFIES RELIEF FROM STAY ...................................................................9

    A.    The Interest In Property Entitled To Adequate Protection under 11 U.S.C. § 362(d)(1) Is The Value of The Collateral. ............................................9

        1.    Honey Badger Is Adequately Protected By The Equity Cushion. ..............11

IV. HONEY BADGER IS NOT ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362(d)(2) AS EQUITY EXISTS IN THE PROPERTY AND THE PROPERTY IS NECESSARY TO THE REORGANIZATIONAL EFFORTS ..................................................................................................12

    A.    The Property Has Equity .......................................................................12

    B.    The Trustee Needs The Property...........................................................12

V. CONCLUSION .........................................................................................13

1

# TABLE OF AUTHORITIES

2

**OTHER AUTHORITIES**                                                                          Page

3

108 S.Ct 626 (1988) ................................................................................................7

4

Dallas-Fort Worth Regional-Airport Board v. Braniff Airways, Inc., 26 B.R. 628, 635
    (U.S.D.C. N.D. Tex. 1982) ...............................................................................11

5

6

Forest Ridge II, Ltd., 116 B.R. 937, 950 (Bankr. W.D. N.C. 1990) ...................................8

7

In re Automatic Voting Machines Corp., 26 B.R. 970 (Bankr W.D.N.Y. 1983)...............10

8

In re Brokmeyer, 51 B.R. 704, 706 (Bankr. S.D. Tex. 1985) ......................................10

9

In re Hawaiian Pac. Indus., 17 B.R. 670 (Bankr. D. Haw. 1982) ................................10

10

In re Lane, 108 B.R. 6 (Bankr. D. Mass. 1989) ..........................................................8

11

In re McCombs, 88 B.R. 261 (Bankr. C.D. Cal. 1988) ...............................................8

12

In re McGowan, 6 B.R. 241, 243 (Bankr. E.D.Pa. 1980) ..........................................10

13

In re Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984) ..............................................9, 10

14

In re Mellor, 734 P.2d 1396, 1401 (9th Cir. 1984) ..............................................9, 10

15

In re OPL Components, Inc., 20 B.R. 342 (Bankr. E.D.N.Y. 1982).............................10

16

In re Rogers Dev. Corp., 2 B.R. 679, 685 (Bankr. E.D. Va. 1980)...........................10

17

In re Trinton/Richmond Associates, 103 B.R. 764 (Bankr. E.D. Va. 1989)...................9

18

In re Westchase I Assoc., 126 B.R. 692 (W.D. N.C. 1991) .......................................8

19

Marrion St. Partnership, 108 B.R. 218, 224, (Bankr. D. Minn. 1989) .......................8

20

United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484
    U.S. 365 (1988) .........................................................................................7, 8

21

22

**REGULATIONS**

23

11 U.S.C. § 361 ...................................................................................................9

24

11 U.S.C. § 362(d)(1) .......................................................................5, 8, 10, 12

25

11 U.S.C. § 362(d)(2) .......................................................................5, 11, 12

26

11 U.S.C. § 362(e) ...............................................................................................5

27

11 U.S.C. § 362(g)(1) ........................................................................................12

28

11 U.S.C. § 506(a)................................................................................................9

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1         David Gottlieb, the Chapter 7 Trustee (the **"Trustee"**) for Marc Victor Lizer (the

2    **"Debtor"**) hereby submits its Opposition (the **"Opposition"**) To Motion for Relief from The

3    Automatic Stay (the **"Motion"**) Of Honey Badger Holdings LLC (**"Honey Badger"**).  The

4    Opposition is based upon the following grounds, which demonstrate that the granting of relief

5    from the automatic stay is improper:

6         1.    Equity clearly exists in the property located at 4505 Colfax Ave., unit 6, Studio

7    City, California 91602 (the **"Property"**);

8         2.    Honey Badger is not entitled to relief from the automatic stay under 11 U.S.C.

9    § 362(d)(1) as Honey Badger's interest in the Property is adequately protected and no other cause

10    justifies relief from stay;

11         3.    Honey Badger is not entitled to relief from the automatic stay under 11 U.S.C.

12    § 362(d)(2) as equity exists in the Property and the issue of whether the Property is necessary to

13    reorganizational efforts is irrelevant.

14         In light of these arguments discussed in detail below, the Trustee requests that the Motion

15    be denied or in the alternative, the hearing on the Motion which is set for April 1, 2015, be a

16    preliminary hearing pursuant to 11 U.S.C. § 362(e) and that a final hearing be set no earlier than

17    30 days from the preliminary hearing so that the Trustee will have the opportunity to have a

18    formal appraisal prepared.  Moreover, the Trustee requests that Peter Tiger whose declaration

19    Honey Badger filed in support of the Motion, be available for cross examination at the hearing on

20    the final Motion.  In support of this request, the Trustee requests cross examination of such

21    declarant at the final hearing.  Moreover, the Trustee will notice the deposition of Peter Tiger.

22    **I.**

23    **SUMMARY OF FACTS**

24         The Debtor commenced this Chapter 7 bankruptcy case by the filing of a Voluntary

25    Petition on March 2, 2015.  In approximately June 2012, the Debtor purportedly obtained a loan

26    from Honey Badger[1], and borrowed approximately $350,000 from Honey Badger for financing of

27    _____

28    [1] The loan was originally with Peter Tiger, the Debtor's brother-in-law who assigned the loan to
     Honey Badger.

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1    the Property.

2        Among the potential assets of this bankruptcy estate currently known to the Trustee is the

3    Property.  Upon conducting a preliminary analysis on the Property, the Trustee believes that it has

4    sufficient equity to benefit the estate's creditors if administered by the Trustee.  The Trustee

5    further believes that in order to extract equity from the Property, it must be sold, and to find

6    potential buyers, the Trustee is in the process of employing a real estate agent.

7        The Debtor listed the Property with a value of $550,000, and liens of $420,000. The

8    Debtor claimed a homestead exemption of $100,000 on the Property. Honey Badger asserts in the

9    Motion, a security interest in the amount of approximately $390,000, and has filed this Motion

10   before the 341(a) hearing. **Therefore, the Trustee has not even had an opportunity to examine**

11   **the Debtor regarding the Honey Badger loan which is from his brother-in-law and the other**

12   **judgment liens which appear on the title report. The Trustee has been informed that the**

13   **judgment liens may be unenforceable or subject to avoidance which would enable the estate**

14   **to obtain the equity in the Property.**

15       **The Trustee's investigation has preliminarily valued the Property at $585,000**, and

16   therefore the Trustee has determined that there may be equity on the Property for the benefit of

17   creditors. The Trustee will employ William Friedman ("**Friedman**") of Coldwell Banker

18   ("**Coldwell**") located at 7231 West Manchester Avenue, Los Angeles, California 90045, to act as

19   the Trustee's real estate agent ("**Agent**") to list and market the Property in order to obtain the

20   highest price for the same.  The Trustee selected Coldwell for the reason that they are established

21   real estate agents with access to appropriate prospective buyers in the area where the Property is

22   located.

23       Friedman has conducted an analysis of the value of the Property to determine its listing

24   price.  Based on a review of "comparable sales" to the Property, Friedman has determined that the

25   value of the Property is $585,000.00 ("**Listing Price**"), which the Trustee contends in the fair

26   market value of the Property. Attached hereto and incorporated herein by this reference as Exhibit

27   "A" is a market value of the Property prepared by Friedman which establishes the value as

28   $585,000.

## II.

## EQUITY CLEARLY EXISTS IN THE PROPERTY

As stated in the Motion, the value of Honey Badger's Claim is approximately $390,000[2], and the value of the Property is approximately $585,000.00. In addition, there are minimal junior liens on the Property other than judgment liens which may be avoided by the Trustee, according to Honey Badger. In addition, the Debtor has claimed a $100,000 homestead, and agreed to assign $25,000 of the homestead to the bankruptcy estate. **Thus, the equity in the Property is significant**.

### A.    Value Of Honey Badger Claim And Property's Equity

Honey Badger's secured claim due and owing through the date of the Motion is approximately $390,000, and when one considers the amounts included by Honey Badger in the Motion and reduces the amount by "estimated costs of sale" and the Debtor's claimed exemption of $75,000.00[3], the Property has significant equity for the benefit of the estate's creditors.

| | |
|---|---|
| Honey Badger Encumbrance | $390,000 |
| Junior Encumbrances | 0 |
| Total Encumbrances | 390,000 |
| Debtor's Claimed Homestead | 75,000 |
| Judgment Liens | 0 |
| Estimated Costs of Sale (7%) | 40,000 |
| Estimated Market Value | 585,000 |
| **EQUITY IN THE PROPERTY** | **$80,000** |

### B.    Value Of The Property

The Property is currently valued at $585,000, and the equity in the Property for the benefit of the estate's creditors equals $80,000.  Currently, the Trustee is in the process of marketing and

---

[2] This amount includes payment arrearages, costs and advances, and may be subject to significant reduction by the Trustee.

[3] This amount does not include the $25,000 to be assigned to the bankruptcy estate.

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1 | selling the Property. If necessary, the Trustee will have a complete appraisal prepared regarding

2 | the Property. Because the opposition must be filed by the time of the preliminary hearing, it is

3 | impossible to have a completed appraisal prepared by that time.[4] The Trustee believes that a full

4 | appraisal of the Property can be prepared within 4-6 weeks. Thus, as stated earlier, the Trustee

5 | would request that a final relief from the stay hearing be set at least 30 days from the date of the

6 | preliminary hearing.

7 | With respect to the value of the Property, the Trustee has had at least one "appraisal"

8 | prepared by his real estate broker, William Friedman. In contrast, Honey Badger has not

9 | submitted an appraisal, and merely relies on the value contained in the Debtor's schedule of assets

10 | and liabilities (the "**Schedules**").

11 | ### 1.   The Peter Tiger Appraisal

12 | Honey Badger has offered the Peter Tiger Declaration in an attempt to show that the

13 | Property has a current market value of $550,000.00. The Peter Tiger Declaration suffers from

14 | numerous deficiencies. A summary of the problems with the Peter Tiger Declaration are as

15 | follows:

16 | #### a.   Lack of Evidence

17 | The Peter Tiger Declaration merely states his valuation without any evidence or basis other

18 | than the Debtor's estimate contained in the Schedules.

19 | #### b.   Highest and Best Use

20 | The Peter Tiger Declaration does not even reach an opinion of the market value of the

21 | Property based upon its best and highest use, the income approach or sales comparison approach.

22 | In the present case, given that the Property is a residence, the Sales Comparison Approach is the

23 | most logical approach to value the Property.

24 | In contrast to Honey Badger, the Trustee's appraiser, William Friedman estimates the

25 | value of the Property under the Sales Comparison Approach, relying on certain comparable sales

26 | compared to the Property.

27 |

28 | [4] Friedman's valuation is consistent with that of the Debtor and Honey Badger.

1   These problems clearly indicate that substantial problems exist with respect to the

2   valuation of the Property pursuant to the Peter Tiger Declaration, and the Trustee's evidence

3   accurately values the Property, indicating a substantial amount of equity.

4                                                   **III.**

5   **HONEY BADGER IS NOT ENTITLED TO RELIEF FROM THE**

6   **AUTOMATIC STAY UNDER 11 U.S.C § 362(D)(1) AS HONEY BADGER'S**

7   **INTEREST IN THE PROPERTY IS ADEQUATELY PROTECTED**

8   **AND NO OTHER CAUSE JUSTIFIES RELIEF FROM STAY**

9   The Motion fails to meet the standard of 11 U.S.C. § 362(d)(1) because it demonstrates

10  neither "lack of adequate protection" nor other "cause" justifying relief from stay.

11      A.      **The Interest In Property Entitled To Adequate Protection under 11 U.S.C.**

12              **§ 362(d)(1) Is The Value of The Collateral.**

13  The Supreme Court in <u>United Savings Association of Texas v. Timbers of Inwood Forest</u>

14  <u>Associates, Ltd.</u>, 484 U.S. 365 (1988), 108 S.Ct 626 (1988) held that the "<u>interest in Property</u>"

15  protected by § 362(d)(1) does not include a secured party's right to immediate foreclosure.

16  Instead, the value of the interest in property means the value of the collateral. <u>Timbers</u>, 484 U.S.

17  at 372.  A review of this analysis leads to the inescapable conclusion that Honey Badger is

18  adequately protected in the value of its collateral and thus not entitled to relief from stay pursuant

19  to 11 U.S.C. § 362(d)(1).

20      In <u>Timbers</u>, the Court reasoned that under 11 U.S.C. § 506(a) an allowed claim "it, a

21  secured claim to the extent of the value of such creditor's <u>interest in the property</u>..." 484 U.S. at

22  372.  Moreover, the plain language of 11 U.S.C. § 361 makes it clear that an entity with an interest

23  in property lacks adequate protection to the extent there is a "decrease in the value of such entity's

24  interest in such property."  The <u>Timbers'</u> Court determined that the phrase "value of interest in

25  property" in § 506(a) and § 361(l) and (2) is identical when applied to secured creditors.  In both

26  cases the "value of the interest in property" means "the value of the collateral" <u>Timbers</u>, 484 U.S.

27  at 372.

28      Once cognizant of the Supreme Court's instruction that the phrase "value of the interest in

1    property" refers to the value of the collateral, it follows that the "<u>interest in property</u>" that is

2    protected under § 362(d)(1) is the creditor's interest in the collateral.  This conclusion is confirmed

3    by the court when it acknowledges that the "<u>interest in property</u>" "referred to by § 362(d)(1)

4    includes the right to have the security applied in payment of the debt upon completion of the

5    reorganization" and to the provision of adequate protection "if the security is depreciating during

6    the term of the stay." <u>Timbers</u>, 484 U.S. at 370.

7         The Bankruptcy Court for the Central District has interpreted <u>Timbers</u> to mean that an

8    oversecured creditor is not entitled to adequate protection of its equity cushion if such creditor is

9    protected from any decline in value of its collateral though the maintenance and preservation of

10    the property.  <u>In re McCombs</u>, 88 B.R. 261 (Bankr.  C.D. Cal. 1988).

11         Moreover, in interpreting <u>Timbers</u>, other recent cases suggest that as long as the value of

12    the collateral is not declining, the fact that the accrual of interest is depleting the equity cushion

13    does not entitle the secured creditors to adequate protection payments.  <u>In re Lane</u>, 108 B.R. 6

14    (Bankr.  D. Mass. 1989); <u>In re Westchase I Assoc.</u>, 126 B.R. 692 (W.D. N.C. 1991).  Thus, while

15    an undersecured creditor is entitled to adequate protection in the form of cash payments or

16    additional security to protect the creditor's interest in property that is declining in value, it is not

17    entitled to interest payments as compensation for its "lost opportunity" of not being able to

18    foreclose immediately on its collateral.  <u>See</u>, <u>Forest Ridge II, Ltd.</u>, 116 B.R. 937, 950 (Bankr.

19    W.D. N.C. 1990); <u>Marrion St. Partnership</u>, 108 B.R. 218, 224, (Bankr.  D. Minn. 1989); <u>In re

20    Trinton/Richmond Associates</u>, 103 B.R. 764 (Bankr.  E.D. Va. 1989).

21         Thus under the analysis provided by Timbers and its progeny, Honey Badger would be

22    entitled to relief from stay under 11 U.S.C. § 362(d)(1) only if the value of the Property were

23    declining unless the Trustee provided adequate protection for this decline in value.  In the instant

24    case, however Honey Badger has failed to present a prima facie case that the value of the Property

25    is declining, and it is well established in the Central District of California that value of residential

26    real estate continues to rise, or in the worst case remain stable.

27         The value of the Property is stable, and certain recent events, including the increase in the

28    value of residential real estate during the past 2 years in the area indicate that the value of the

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1    Property is not declining.

2        Honey Badger only asserts in the Motion regarding its lack of adequate protection is lack

3    of equity.  As discussed above, and as more particularly described in the attached Friedman

4    Declaration, the value of Honey Badger's Claim is $390,000 and the value of the Property is

5    $585,000.00.  Thus, the equity in the Property is after costs of sale and the Debtors exemption

6    $80,000.

7                **1.**    **Honey Badger Is Adequately Protected By The Equity Cushion.**

8        11 U.S.C. § 362(d)(1) permits the lifting of the stay where a creditor is not adequately

9    protected.  Honey Badger is, however, adequately protected by the equity in the Property.  In re

10   Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984).  As calculated in detail above, the value of Honey

11   Badger's Claim is $390,000 and the value of the Property is $585,000.00.  Thus, the equity in the

12   Property for Honey Badger is $80,000.  Even if the Court found that Honey Badger was not

13   adequately protected by the equity in the Property, Honey Badger is clearly protected by the equity

14   cushion in the Property of almost 30%. Mellor, 734 F.2d at 1401.

15       The United States Court of Appeals for the Ninth Circuit confirmed that a twenty percent

16   equity cushion in the property, as a matter of law, is sufficient to adequately protect a lienholder.

17   In re Mellor, 734 P.2d 1396, 1401 (9th Cir. 1984).

18       The Ninth Circuit in Mellor also made clear that a cushion of less than 20% could also

19   constitute adequate protection and cited with approval authorities, which had held that equity

20   cushions of between 10% and 20% constituted adequate protection.  Id., see, In re McGowan, 6

21   B.R. 241, 243 (Bankr. E.D.Pa. 1980) (An equity cushion as low as 10% is sufficient to adequately

22   protect creditors; In re Rogers Dev. Corp., 2 B.R. 679, 685 (Bankr. E.D. Va. 1980) (equity

23   cushion of approximately 15% to 20% was sufficient adequate protection, even though the debtors

24   had no equity in the property).  See also, In re Hawaiian Pac. Indus., 17 B.R. 670 (Bankr. D. Haw.

25   1982) (15% equity cushion constitutes adequate protection).

26       Subsequent to Mellor, other cases determined that even smaller equity cushions would be

27   sufficient to constitute adequate protection.  See, e.g., In re Brokmeyer, 51 B.R. 704, 706 (Bankr.

28   S.D. Tex. 1985) (equity cushion of roughly 9.2%, even where declining rapidly constitutes

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1   adequate protection).

2       In determining the existence and extent of an equity cushion, most courts have valued the

3   collateral on a going concern or fair market value basis. See, e.g., In re Mellor, supra, 734 F.2d. at

4   1401; In re Automatic Voting Machines Corp., 26 B.R. 970 (Bankr W.D.N.Y. 1983); In re OPL

5   Components, Inc., 20 B.R. 342 (Bankr. E.D.N.Y. 1982).

6       In the instant case, Honey Badger's indebtedness is approximately $390,000. This debt is

7   secured by the Property which, as the Friedman Declaration amply demonstrates, has a market

8   value of $585,000.00. Assuming, arguendo, if we were to also include the costs of sale and the

9   Debtor's exemption, there is still an equity cushion of almost 20 percent. An equity cushion of

10   twenty percent is sufficient, standing alone, to provide, adequate protection for the ongoing

11   maintenance of the automatic stay under § 362(d)(1).

12                      **IV.**

13   **HONEY BADGER IS NOT ENTITLED TO RELIEF FROM THE AUTOMATIC**

14   **STAY UNDER 11 U.S.C § 362(D)(2) AS EQUITY EXISTS**

15   **IN THE PROPERTY AND THE PROPERTY IS NECESSARY**

16   **TO THE REORGANIZATIONAL EFFORTS**

17       For Honey Badger to obtain relief from stay under 11 U.S.C. § 362(d)(2), this Court must

18   find both that the Debtor lacks equity in the Property, and that the Property is not necessary for the

19   Debtor's effective reorganization. If either of these factors is absent, relief from the stay pursuant

20   to 11 U.S.C. § 362(d)(2) cannot be granted. See, e.g. Dallas-Fort Worth Regional-Airport Board

21   v. Braniff Airways, Inc., 26 B.R. 628, 635 (U.S.D.C. N.D. Tex. 1982).

22       A.    **The Property Has Equity**

23       Honey Badger must bear the burden of proof on the issue of the Debtor's equity in the

24   Property. 11 U.S.C. § 362(g)(1). As discussed above, the Trustee clearly has equity in the

25   Property in the amount of $80,000 to administer for the benefit of the estate's creditors.

26       B.    **The Trustee Needs The Property**

27       Even if the Court finds that the Trustee lacks equity in the Property, the Trustee would be

28   entitled to the ongoing maintenance of the automatic stay since the other prong of 11 U.S.C.

1  §362(d)(2) is irrelevant to Chapter 7 cases "necessary to the effective reorganization".

2          Accordingly, Honey Badger's request for relief from stay under 11 U.S.C. § 362(d)(2)

3  must be denied as the Trustee has both equity in the Property and is necessary to the effective

4  reorganization of Debtor, prong is irrelevant.

5                                      **V.**

6                                 **CONCLUSION**

7          For the foregoing reasons, the Trustee requests that the Court deny Honey Badger's

8  request for relief from stay under 11 U.S.C. § 362(d)(1) and (2).

9  DATED:  March 20, 2015              KOGAN LAW FIRM, APC
                                       Michael S. Kogan
10

11

12                              By:  _____
                                     Michael S. Kogan
13                                   Attorneys for David Gottlieb,
                                     Chapter 7 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

## DECLARATION OF MICHAEL S. KOGAN

I, Michael S. Kogan, hereby declare as follows:

1.    I am a principal in the law firm of Kogan Law Firm, APC ("**KLF**") and an attorney and duly admitted and entitled to practice before this Court and the courts of the State of California, employed by David Gottlieb, the Chapter 7 Trustee (the "**Trustee**") for Marc Victor Lizer (the "**Debtor**"), and submit this declaration to support the Opposition (the "**Opposition**") To Motion for Relief from The Automatic Stay (the "**Motion**") Of Honey Badger Holdings LLC ("**Honey Badger**"). Each of the facts contained in this declaration are based on my personal knowledge and if called as a witness I could and would competently testify thereto.

2.    Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (my own or that gathered from others at my direction), my review of relevant documents.

3.    The Trustee is in the process retaining William Friedman as an real estate agent who is employed by Coldwell Banker ("**Coldwell**"), located at 7231 West Manchester Avenue, Los Angeles, California 90045, telephone number (310) 670-2080. Mr. friedman is one of the real estate agents which the Trustee plans on employing for the purpose of co-listing and selling an interest in a parcel of real property located at 4505 Colfax Ave., unit 6, Studio City, California 91602 ("**Property**").

4.    Mr. Friedman is a California licensed real estate agent and experienced in selling residential and commercial properties. Since at least 1985, Mr. Friedman has been employed by more than 30 bankruptcy trustees in the Central District of California. In dealing with the trustees, Mr. Friedman has evaluated thousands of properties, and listed and co-listed hundreds of properties for sale on behalf of trustees for the benefit of the estate.

5.    Based on a review in March 20, 2015 of "comparable sales" to the Property, it has been determined that the value of the Property is $585,000.00 ("**Listing Price**"), which is the fair market value of the Property. Attached hereto and incorporated herein by this reference as Exhibit "A" is a market value of the Property prepared by Friedman which establishes the value as $585,000.

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3    Executed this 20th day of March, 2015, at Los Angeles, California.

4

5                                              /s/Michael S. Kogan
                                            MICHAEL S. KOGAN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

# EXHIBIT A

**Bruce Kurnik**
**Real Estate Broker**
**MATCH REALTY**
**CAL BRE LIC# 00920373**
**11026 Ventura Blvd. Suite 1**
**Studio City, CA 91604**
**Tel: (818) 917-7111**
**Fax:(866) 735-2771**
Email: brucerealestate@aol.com

March 19, 2015

Mr. Bill Friedman
Coldwell Banker

Re: Lizer(15-10695) 4505 Colfax Ave.,Unit 6

Dear Bill,

Per your request, I have completed an exterior market analysis of the subject property. The subject is a
condominium unit located in a highly sought after excellent Studio City location. Please see subject property tax
roll information and market area comparables below as my justification for the market value of the property.

In my opinion the "as-is" value of the subject property is: $ 585,000.

| ADDRESS | BUILDING FT | LOT FT | BR/BA | DOM | DISTANCE FROM PROPERTY | COE DATE | Sale info | Type Of sale |
|---|---|---|---|---|---|---|---|---|
| SUBJECT: 4505 Colfax Ave.#6  CA 91602 | 1,476 Per tax rolls | N/A | 3/2.75 Per MLS | N/A | N/A | N/A | Suggested List price – N/A | N/A |
| 4505 Colfax #2 Studio City, CA,91602 | 1,467 Per MLS | N/A | 3/2.75 Per MLS | 218 | Same complex as subject | Sold: 7/15/2014 | Sold for: $580,000 List price: $579,000 | standard |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4424 Whitsett Ave.#207 Studio city, CA 91604 | 1,370 Per tax rolls | N/A | 2/2 | 51 | 0.96 mi | Sold 3/112015 | Sold for: $595,000 List: for: $595,000 | Standard |
| 4424 Whitsett Ave#302 Studio City, CA 91604 | 1,310 Per tax rolls | N/A | 2/2 | 114 | 0.96mi | Sold 2/13/2015 | Sold for: $600,000 List price: $610,000 | Standard |

Sincerely,

Bruce Kurnik

| | |
|---|---|
| In re: **MARC VICTOR LIZER** | **CHAPTER:** 7 |
| Debtor(s). | **CASE NUMBER:** **1:15-bk-10695-MT** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1849 Sawtelle Blvd., Suite 700, Los Angeles, California 90025

A true and correct copy of the foregoing document described as **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 20, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):** On March 20, 2015 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| March 20, 2015 | Christa Anchrum | /s/Christa Anchrum |
| *Date* | *Type Name* | *Signature* |

| In re:  MARC VICTOR LIZER | CHAPTER:  7 |
|---|---|
| | CASE NUMBER: **1:15-bk-10695-MT** |
| Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- 
- David Keith Gottlieb (TR)
  dkgtrustee@crowehorwath.com,
  dgottlieb@ecf.epiqsystems.com,renee.johnson@crowehorwath.com

  United States Trustee (SV)
  ustpregion16.wh@usdoj.gov

  Michael S Kogan on behalf of Trustee David Gottlieb (TR) -
  mkogan@koganlawfirm.com
  Marc Victor Lizer
  marclizer@gmail.com

  Andrew S Pauly on behalf of Creditor Honey Badger Holdings LLC
  apauly@gpfm.com, lburns@gpfm.com

  Damon A. Thayer on behalf of Creditor Honey Badger Holdings LLC
  dthayer@gpfm.com, kbarone@gpfm.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL - VIA U.S. MAIL**

Hon. Maureen Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd. #324
Woodland Hills, CA 91367

**Debtor**
Marc Lizer
4505 Colfax Ave., Unit 6
Studio City, CA 91602