Greenwald,
Pauly & Miller
A Professional
Corporation

ANDREW S. PAULY (SBN 90145) and
DAMON A. THAYER (SBN 258821), Members of
GREENWALD, PAULY & MILLER,
A Professional Corporation
1299 Ocean Avenue, Suite 400
Santa Monica, California 90401-1007
Telephone: (310) 451-8001
Facsimile: (310) 395-5961
apauly@gpfm.com
dthayer@gpfm.com

Attorneys for Secured Claimant
HONEY BADGER HOLDINGS LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MARC VICTOR LIZER,<br><br>      Debtor. | Case No. 1:15-bk-10695-MT<br><br>Chapter 7<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>**HEARING**<br><br>Date:  April 15, 2015<br>Time:  9:30 a.m.<br>Place: Courtroom 302 |

Greenwald,
Pauly & Miller
A Professional
Corporation

## I.     INTRODUCTION AND BACKGROUND.

In June 2012, Debtor received a $350,000 secured loan to finance his and his then-wife's purchase of a condo in Studio City (the "Property"). This purchase-money loan was documented in a written promissory note and secured by a deed of trust recorded against the Property simultaneous with the acquisition. The note matured on December 31, 2012. The last time Debtor made any payment toward the note was in April 2014. The current amount of Debtor's indebtedness to Honey Badger Holdings LLC is approximately $390,000.[1] Notices of default and sale were recorded against the Property in November 2014 and February 2015, respectively, and a non-judicial foreclosure sale was scheduled for March 3, 2015.

Debtor unsuccessfully sought to prevent Honey Badger's foreclosure through three separate *ex parte* applications before two different state court judges. On February 3, 2015, Debtor filed a lawsuit against Honey Badger and Peter Tiger, among others, in Los Angeles County Superior Court, case number LC102589. Debtor filed an *ex parte* application requesting the judge presiding over that case, the Honorable Frank Johnson, to issue a TRO preventing Honey Badger from foreclosing on the Property. Judge Johnson denied that request on February 4, 2015. On February 24, 2015, Debtor filed another *ex parte* application on the same basis but this time he filed it in his pending dissolution of marriage case before Los Angeles County Superior Court Judge Patrick Cathcart, case number BD593554. Judge Cathcart denied Debtor's request. In an attempt to take a third bite at the apple, on February 26, 2015, Debtor filed yet another *ex parte* application before Judge Johnson, and Judge Johnson again denied Debtor's request.

On March 2, 2015 – the day before the scheduled foreclosure sale – Debtor filed his voluntary Chapter 7 bankruptcy petition. Honey Badger filed the underlying

---

[1] Debtor's original lender, Peter Tiger, subsequently assigned his interest in the note and deed of trust to Honey Badger, his wholly owned limited liability company.

1

Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 ("Relief from Stay Motion") on March 11, 2015. *See* Dkt. #7. Honey Badger's moving papers provide three separate and independent reasons why this Court should lift the automatic stay and allow Honey Badger to foreclose on the Property:

- First, Honey Badger's interest in the Property is not adequately protected because Debtor has no equity in the Property and Honey Badger's equity cushion is rapidly eroding due to the significant amount of attorneys' fees being incurred to defend Honey Badger in the state court litigation initiated by Debtor, not to mention the 8% default-rate interest that Debtor is continuing to accrue on the note.

- Second, Honey Badger's interest in the Property is also not adequately protected because Debtor failed to insure the Property and provide proof of insurance to Honey Badger despite Debtor's obligation to do so.

- Third, Debtor's sole reason for filing for bankruptcy was to delay the foreclosure sale and allow Debtor to reside "rent free" and expense free, and such bad faith is in and of itself sufficient grounds for lifting the stay.

The Trustee filed an Opposition to the Relief from Stay Motion on March 20, 2015. The Trustee inexplicably argues that Debtor might have $80,000 of equity in the Property. To reach that conclusion, the Trustee fails to account for Debtor's past due taxes and HOA fees while also attempting to sweep under the rug all of Debtor's judgment liens through his conclusory statement that they "may be unenforceable or subject to avoidance." *See* Opp. at 6. Lest there be any confusion, there is no evidence whatsoever that any of the five judgment liens recorded before Debtor ever acquired the Property is invalid or subject to avoidance. Instead of explaining how he plans to make all of the judgment liens, back taxes, and HOA fees magically disappear, the Trustee devotes several pages to his hearsay-based claim that the Property might actually be worth $585,000. Yet even if the Trustee's $585,000 valuation was based

Greenwald, Pauly & Miller
A Professional Corporation

1837123.1 - 22060.001

Greenwald, Pauly & Miller
A Professional Corporation

on admissible evidence, an additional $35,000 is inconsequential given the extent of indisputable encumbrances against the Property.

Moreover, the Trustee wholly failed to address Honey Badger's second and third bases for relief from the automatic stay concerning Debtor's failure to provide proof of insurance and Debtor's bad faith. In so doing, the Trustee waived the right to challenge the Relief from Stay Motion on these grounds.

The Trustee's Opposition alternatively requests the Court to delay the adjudication of this matter for 30 days so that the Trustee can obtain a formal appraisal of the Property.[2] Once again, the Trustee fails to address the elephant in the room: the Property is so significantly over-encumbered that an additional $35,000 is essentially insignificant.

## II.    ARGUMENT.

### A.    Honey Badger's Interest In The Property Is Not Adequately Protected As Debtor Has No Equity In The Property And Honey Badger's Equity Cushion, To The Extent It Even Exists, Is Minimal.

The Court should lift the stay because Honey Badger's interest in the Property is not adequately protected under 11 U.S.C. § 362(d)(1). As shown below, it does not matter whether the value of the Property is $550,000 or $585,000 in light of the substantial amount of encumbrances against the Property. Debtor has no equity in the Property and, even if it could be argued that Honey Badger has an equity cushion of a few thousand dollars (which appears to be contrary to the facts), this cushion is minimal and it is eroding. The Court should allow Honey Badger to immediately foreclose on the Property so that Honey Badger can adequately protect its interests.

---

[2] This motion was already continued at the Trustee's request from April 1 to April 15.

### 1. The Trustee's claim that the Property might be worth $585,000 is a red herring given the magnitude of the encumbrances.

Debtor's Schedule A values the Property as being worth $550,000. *See* Dkt. #1 at 6. In its Relief from Stay Motion, Honey Badger relied on Debtor's valuation to show that there is not any equity in the Property. The Trustee's Opposition attacks Honey Badger's use of Debtor's valuation and seemingly suggests that Honey Badger should have commissioned its own independent appraisal. *See* Opp. at 8-9. The Trustee's argument is nonsensical. Creditors routinely rely on a debtor's own admissions from schedules for valuation purposes. Indeed, the Central District's relief from stay form gives creditors this very option. *See* Form 4001-1.RFS.RP.MOTION at § 11(d)(3) (allowing creditors to establish fair market value by attaching "[a] true and correct copy of relevant portion(s) of Debtor's schedules"). That the Trustee additionally seeks to cross-examine Honey Badger at the Relief from Stay Motion hearing regarding how much Honey Badger believes the Property is worth is even more bizarre because Debtor valued the Property at $550,000.

The Trustee suggests that the Property might be worth $585,000.[3] The Trustee bases this claim on the purported opinion of William Friedman, a real estate agent at Coldwell Banker in Los Angeles. Yet the Trustee does not submit any declaration from Mr. Friedman or otherwise attempt to provide the Court with any admissible evidence demonstrating that the Property is worth $35,000 more than Debtor's valuation and $25,000 more than Zillow's valuation.[4] Accordingly, the Trustee's and Mr. Friedman's valuation opinions are inadmissible and should not be relied on as explained in the concurrently filed Evidentiary Objections.

---

[3] The Trustee states that "Friedman's valuation is consistent with that of Debtor and Honey Badger." Opp. at 8. That is inaccurate as showcased by the $35,000 discrepancy.

[4] As a further reference point, Zillow estimates the Property's value to be $559,995.

Greenwald,
Pauly & Miller
A Professional
Corporation

## 2. The Trustee cannot ignore the judgment liens (and the interest thereon) or the past due property taxes and HOA fees.

Under the Trustee's telling of the story, after he sells the Property for $585,000, pays Honey Badger's secured claim of $390,000,[5] deducts $40,000 in closing-related costs, and pays Debtor $75,000 for a purported homestead exemption,[6] there will be a remainder of $80,000. This $80,000 of supposed equity is a fiction.

First, for unknown reasons, the Trustee does not mention that Debtor currently owes at least approximately $2,500 in back property taxes representing the delinquent December 2014 installment payment, and that Debtor will become delinquent on another $2,500 installment payment on April 10, 2015. *See* Dkt. #1 at 14; Relief from Stay Motion, Ex. 9 at 10 (preliminary title report). The Trustee also glosses over the fact that Debtor owes over $2,000 in past due HOA fees. *See* Dkt. #1 at 19. The Trustee further did not discuss the current amount of HOA fees that are due or when the next payment will be due.

More significantly, the Trustee's cursory treatment of the seven judgment liens against the Property totaling almost $660,000 is baffling. Under the Trustee's math, there are $0 in judgment liens against the Property. *See* Opp. at 7. The Trustee does not provide any explanation as to why he is assuming away the existence of seven abstracts of judgment recorded by six different creditors. Instead, the Trustee makes the conclusory and completely unsupported assertion that the "judgment liens . . . may

---

[5] The Trustee states that the $390,000 "amount includes payment arrearages, costs and advances, and may be subject to significant reduction by the Trustee." Opp. at 7. The loan has been fully matured since late 2012. The Trustee does not provide any explanation for how Honey Badger's $390,000 security interest could be subject to any reduction.

[6] The Trustee asserts that "Debtor has claimed a $100,000 homestead, and agreed to assign $25,000 of the homestead to the bankruptcy estate." Opp. at 7. The Trustee has not produced any such agreement to Honey Badger. In any event, the Trustee assumes, without explanation, that the entire purported homestead exemption would be owned by Debtor instead of being 50% owned by his soon-to-be ex-wife, and the Trustee also assumes that Debtor would be entitled to a $100,000 exemption instead of a $75,000 exemption. *See* Cal. Civ. Proc. Code § 704.730(a)(1). This issue may need to be adjudicated in connection with the dissolution case.

Greenwald,
Pauly & Miller
A Professional
Corporation

be avoided by the Trustee." *Id*. Neither the Trustee nor Debtor has submitted any evidence showing that any of the seven judgment liens is invalid.

Honey Badger recognizes that the Trustee may try to avoid two of the judgment liens under 11 U.S.C. § 522(f) because they were recorded ***after*** Debtor acquired his interest in the Property. Doing so, however, would only knock off approximately $118,000 in encumbrances against the Property, thus leaving five fully enforceable liens against the Property totaling well over $540,000.

Section 522(f) is not available as to the five abstracts that attached when the Property was acquired by Debtor. *See Farrey v. Sanderfoot*, 500 U.S. 291, 301 (1991) ("We hold that § 522(f)(1) of the Bankruptcy Code requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest."); *Van Deusen v. Keys*, 479 F. App'x 67, 68 (9th Cir. 2012) ("A debtor may avoid a lien under section 522(f)(1) unless it arose before or at the same time as Debtor acquired the property interest at issue."); *In re Pederson*, 230 B.R. 158, 163 (9th Cir. BAP 1999) ("[T]he statutory language providing that the lien attaches to after-acquired property 'at the time it is acquired' can only mean that the lien attaches simultaneously with Debtor's acquisition of the property."); March, et al., Cal. Practice Guide: Bankruptcy (The Rutter Group 2014), ¶ 21:1478 ("If a judgment debtor acquires real property *after* a judgment lien is recorded in the county where the property is located, the lien attaches 'simultaneously with the acquisition of the property,' precluding avoidance under § 522(f)."). Each judgment lien recorded before the date Debtor acquired the Property is discussed in turn, copies of which are attached to the concurrently filed Declaration of Andrew S. Pauly.

Each of these five judgment liens totaling roughly $540,000 were recorded against the Property **before Debtor bought it in June 2012**.[7] *See* Decl., Ex. A

---

[7] Two creditors recorded judgment liens after Debtor acquired the Property. David Labowitz recorded an abstract of judgment for $6,105 in October 2013. *See* Decl., Ex. H. Larry Slade P.C. recorded an abstract in September 2012 for $111,609. *See* Decl., Ex. I.

Greenwald,
Pauly & Miller
A Professional
Corporation

(Debtor's Grant Deed). First, James Minor Fisher recorded an abstract of judgment for $186,105 in November 2010. *See* Decl., Ex. B. Debtor claims that this creditor "has stated they would not wish to collect." *See* Dkt. #1 at 15. Second, Anthony Faitro recorded an abstract of judgment for $13,567 in July 2008. *See* Decl., Ex. C. Debtor asserts that he has paid this amount. *See* Dkt. #1 at 15. The third and fourth judgment liens, both of which are for $13,249, were recorded by Discover Bank in August 2009 and September 2011, respectively. *See* Decl., Exs. D & E. Debtor alleges that Discover Bank "is making same claim twice," so apparently Debtor disputes one of these liens but not the other. *See* Dkt. #1 at 15.

The fifth judgment lien was recorded by Rolando Blue for $314,766 in September 2010. Debtor appears to be falsely disputing this lien. Debtor's basis for disputing this judgment lien is as follows: "Malicious Recorded Claim. No Entry Number. Fictional Case Number. Debt lists 4 other persons AND does 1 thru 100 as owing of this debt. Requires removal." *See* Dkt. #1 at 15. Stated another way, Debtor seems to dispute Rolando Blue's judgment lien because Debtor does not believe that it stems from a real case. The Court can take judicial notice of the fact that this judgment lien is based on a judgment Rolando Blue obtained against Debtor in September 2010. *See* Decl., Ex. F. The case is entitled *Rolando Blue v. James Minor Fisher, Realty Adventures, Inc., and Marc Lizer* and was filed in the Los Angeles County Superior Court and assigned case number EC047532. It is curious that Debtor would not remember Rolando Blue's judgment given that it was entered in the same case as James Minor Fisher's judgment discussed above; the litigation lasted over two years; Debtor hired an attorney to defend him from the lawsuit and who, among other things, filed two demurrers on Debtor's behalf; and Debtor actually represented himself in the case in pro per after he and his counsel parted ways. *See* Decl., Ex. G (court docket). In light of these facts, Debtor has not stated any legitimate basis that would allow him to dispute this judgment lien.

Greenwald,
Pauly & Miller
A Professional
Corporation

Simply stated, there is no scenario under which there could be any equity in the Property. For example, Debtor has no equity even if the Court assumes that (1) the Property could actually be sold for $585,000; (2) the Trustee could erase the two judgment liens recorded after Debtor acquired the Property; and (3) Debtor would not have to split any equity in the Property with his soon-to-be ex-wife.[8] The cost breakdown under those extremely generous assumptions is as follows:

| Trustee's Estimated Sale Price | $585,000 |
|---|---|
| Honey Badger's Secured Interest | ($390,000) |
| Closing Costs | ($40,000) |
| Past Due Taxes | ($5,000) |
| Past Due HOA Fees | ($2,000) |
| Five Judgment Liens (Not Including 10% Post-Judgment Interest) | ($540,000) |
| **TOTAL (NEGATIVE) EQUITY** | **($392,000)** |

### 3.     Honey Badger's equity cushion in the Property is eroding.

Although Honey Badger currently has an equity cushion in the Property, it is rapidly eroding due to attorneys' fees and interest. In Debtor's pending state court action against Honey Badger, Honey Badger has incurred and will continue to incur a significant amount of attorneys' fees. For example, in a few weeks Honey Badger intends to file a demurrer and motion to strike against Debtor's 15-count amended complaint. *See* Decl., Ex. J (Debtor's amended state court complaint). Honey Badger's equity cushion is further eroding due to the 8% default-rate interest that Debtor is continuing to accrue on his indebtedness under the note. The stay should be lifted before Honey Badger's equity cushion completely vanishes.

---

[8] Under this scenario, Debtor would not receive any homestead exemption payment.

### B. By Not Addressing Honey Badger's Entitlement To Relief From Stay Based On Debtor's Failure To Provide Proof Of Insurance, The Trustee Has Waived His Ability To Oppose Relief On This Basis.

In its moving papers, Honey Badger argued that it was entitled to adequate protection under 11 U.S.C. § 362(d)(1) for the separate and independent reason that Debtor failed to provide Honey Badger with proof of insurance for the Property. Under the loan agreement, Debtor is required to insure the Property and provide Honey Badger with evidence of such insurance. *See* Relief from Stay Motion, Ex. 4 at ¶ 3. Debtor has not provided the required evidence of insurance to Honey Badger. The Trustee inexplicably fails to even address this basis for relief. The Trustee's failure to do so operates as a waiver of his right to oppose this independent ground for Honey Badger's Relief from Stay Motion.

### C. The Trustee Also Failed To Address Debtor's Bad Faith, So This Operates As Another Waiver Of The Trustee's Opposition Rights.

As the third stand-alone reason why Honey Badger's Relief from Stay Motion should be granted, Honey Badger's moving papers asserted that Debtor's filing of this bankruptcy case was in bad faith. The Trustee has not even mentioned this issue, which operates as another waiver of his right to oppose this ground for relief.

### D. The Court Should Deny The Trustee's Request To Delay A Decision On Honey Badger's Relief From Stay Motion For 30 Days.

The Trustee requests, "in the alternative, the hearing on the Motion which is set for April 1, 2015, be a preliminary hearing pursuant to 11 U.S.C. § 362(e) and that a final hearing be set no earlier than 30 days from the preliminary hearing so that the Trustee will have the opportunity to have a formal appraisal prepared." Opp. at 5. The Court should deny the Trustee's request because, as shown above, it does not matter whether the Property is worth $550,000 or $585,000 given the tremendous amount of encumbrances on the Property vis-à-vis the seven judgment liens, back taxes, and HOA fees. Given that the Trustee has already received a two-week continuance of the

9

Greenwald, Pauly & Miller
A Professional Corporation

1837123.1 - 22060.001

1  preliminary hearing, delaying this process for another 30 days will serve no purpose
2  except to reward Debtor's endless delay tactics and manipulation of the legal system.

3  **III.    <u>CONCLUSION.</u>**

4      For the reasons stated above and in Honey Badger's moving papers, the Court
5  should grant Honey Badger's Relief from Stay Motion.

6  DATED: April 7, 2015.

7                                Respectfully submitted,

8                                GREENWALD, PAULY & MILLER,
                              A Professional Corporation

9                                ANDREW S. PAULY
10                               DAMON A. THAYER

11
12                             By: <u>/s/ ANDREW S. PAULY</u>
                                ANDREW S. PAULY, a Member of
                                GREENWALD, PAULY & MILLER,
13                                 A Professional Corporation,
                                Attorneys for Secured Claimant
14                               HONEY BADGER HOLDINGS LLC

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1299 Ocean Avenue, Suite 400, Santa Monica, California 90401-1007.

A true and correct copy of the foregoing document described as **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 7, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   Michael S. Kogan, on behalf of Chapter 7 Trustee David Keith Gottlieb: mkogan@koganlawfirm.com;
   David Keith Gottlieb, Trustee: dkgtrustee@dkgallc.com; dgottlieb@ecf.epiqsystems.com; rjohnson@dkgallc.com;
    akuras@dkgallc.com
   Charles Shamash on behalf of Debtor Marc Victor Lizer: cs@locs.com
   Andrew S. Pauly on behalf of Creditor Honey Badger Holdings LLC: apauly@gpfm.com; lburns@gpfm.com
   Damon A. Thayer on behalf of Creditor Honey Badger Holdings LLC: dthayer@gpfm.com; kbarone@gpfm.com
   United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  April 7, 2015**,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

| *VIA U.S. MAIL* | *VIA U.S. MAIL* | *VIA U.S. MAIL* |
|---|---|---|
| Marc Victor Lizer | Inez Tiger | Daniel J. Paletz, Esq. |
| 4505 Colfax Avenue, #6 | 11850 Riverside Drive, #101 | Kermisch & Paletz LLP |
| Studio City, CA 91602 | Valley Village, CA  91607 | 12700 Ventura Blvd., Suite 300 |
| | | Studio City, Ca  91604 |

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 7, 2015*,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed*.

   *VIA PERSONAL DELIVERY*
   *The Honorable Maureen Tighe*
   *United States Bankruptcy Court, Ctrm. 302*
   *21041 Burbank Blvd., Suite 324*
   *Woodland Hills, California 91367*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 **April 7, 2015     Kathy M. Barone**                            /s/ Kathy M. Barone

**UNSECURED CREDITORS**
In re Marc Victor Lizer
U.S. Bankruptcy Court Case No. 15-bk-10695

| | | |
|---|---|---|
| Honey Badger Holdings, LLC<br>16631 Roscoe Place<br>North Hills, CA 91343 | San Fernando Valley Division<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367-6606 | Anthony Faitro<br>11500 W. Olympic Blvd. #400<br>Los Angeles, CA 90064-1525 |
| Construction Headquarters<br>4328 Mammoth Avenue<br>Sherman Oaks, CA 91423-6610 | David Labowitz<br>20059 Tipico Street<br>Chatsworth, CA 91311-3443 | Discover Bank, Issue of<br>The Discover Card<br>2325 Clayton Road<br>Concord, CA 94520-2104 |
| Dish Network<br>P.O. Box 94063<br>Palatine, IL 60094-4063 | Fidelity Creditor SVC<br>216 S. Louise St.<br>Glendale, CA 91205-1637 | Franchise Tax Board<br>P.O. Box 942867<br>Sacramento, CA 94267-0001 |
| Franklin Collection Services (AT&T)<br>2978 West Jackson St.<br>Tupelo, CA 38801-6731 | GC Services Limited Partnership<br>6330 Gulfston<br>Houston, Texas 77081-1108 | Greg Lizer<br>5107 Parham Ave.<br>La Crescenta, CA 91214-1916 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | James Minor Fisher<br>21550 Oxnard St., #200<br>Woodland Hills, CA 91367-7108 | LA County Assesor<br>225 North Hill St., First Floor Lobby<br>Los Angeles, CA 90012-3232 |
| Larry Slade P.C.<br>14146 Killion St., Suite 100<br>Sherman Oaks, CA 91401-4917 | Los Angeles DWP<br>P.O. Box 30808<br>Los Angeles, CA 90030-0808 | Nationstar Mortgage<br>P.O. Box 630267<br>Irving, Texas 75063-0116 |
| Peter Tiger<br>1250 4th St., Suite 550<br>Santa Monica, CA 90401-1418 | Rolando Blue<br>27943 Seco Canyon Rd. #135<br>Santa Clarita, CA 91350-3872 | SoCalGas<br>P.O. Box C<br>Monterey Park, CA 91756-0001 |
| USAA<br>9800 Fredericksburg Road<br>San Antonio, TX 78288-0002 | U.S. Trustee (SV)<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017-3560 | Villas at Colfax Inc. Homeowners Assoc.<br>4505 Colfax Ave., #9<br>Studio City, CA 91602-1900 |
| David Keith Gottlieb (TR)<br>15233 Ventura Blvd., 9th Floor<br>Sherman Oaks, CA 91403-2250 | Internal Revenue Service<br>P.O. Box 7704<br>San Francisco, CA 94120 | Nationstar Mortgage<br>350 Highland Drive<br>Lewisville, CA 75067 |